## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **KENNETH L. POOLE,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )   **Civil Action No.:**<br>)<br>**CENTRIX FINANCIAL, LLC,** )<br>a Corporation; **AFNI, INC.,** a )<br>Corporation, )<br>)<br>**Defendants.** ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for his Complaint against the Defendants he states as follows:

### Jurisdiction & Venue

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"])[1] regarding inaccurate entries on his credit reports and violations of other applicable federal laws. Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331.

2. This action is also brought under Alabama state law. These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

3. The state law claims are also properly before this court based upon supplemental jurisdiction under 28 U.S.C. Section 1367 as the state law claims form part of the same

---

[1] Any reference to the Fair Credit Reporting Act (or the Fair Debt Collection Practices Act) or any part thereof encompasses all relevant parts and subparts thereto.

      case or controversy as the federal claims as they are based upon substantially similar and overlapping facts.

4. The Plaintiff, KENNETH L. POOLE ["PLAINTIFF"], is a natural person who resides within the Southern Division of this District.

5. Defendant CENTRIX FINANCIAL, LLC ["CENTRIX"] is a foreign company that engages in business in this judicial District.

6. Defendant AFNI, INC. ["AFNI"], is a foreign company that engages in business in this judicial district.

7. PLAINTIFF filed bankruptcy and was discharged on April 4, 2006, with a case number of 05-12987-TBB7.

8. Despite the court order, CENTRIX continued to report PLAINTIFF's account (1604****) as having a balance owed of approximately $2500 which is incorrect and false.

9. Despite the court order, AFNI has continued to report two accounts of PLAINTIFF (****201031 - $358 and ****200348 - $800) incorrectly and in a false manner.

10. PLAINTIFF sent dispute letters this year to the credit reporting agencies ("CRAs") informing them that the CENTRIX account and AFNI accounts should list a zero balance and that such accounts were discharged in bankruptcy.

11. Each CRA sent proper and timely notice of the disputes to CENTRIX and AFNI as required under the FCRA.

12. On the February 3, 2007, Trans Union report, the CENTRIX account was deleted. The AFNI 200348 account was deleted. The AFNI 201031 account was updated to show a zero balance and that it was subject to a "CHAPTER 7 BANKRUPTCY".

13. On February 9, 2007, Experian reported that the CENTRIX account had been updated as follows:

   a. "$0 balance"

   b. "Discharged through Bankruptcy Chapter 7"

14. On the same February 9, 2007, Experian report, the AFNI 201031 account was deleted and the AFNI 200348 account was updated to show a zero balance and "Discharged through Bankruptcy Chapter 7".

15. On March 2, 2007, Equifax reported the following about CENTRIX:

   a. "This creditor has verified to Equifax that the balance is being reported correctly."

   b. As of March 2007, a balance amount of $2,383;

   c. Amount past due of $2,533; and

   d. Charge off rating for every month from September 2006 through January 2007.

16. On the same March 2, 2007, Equifax report, both AFNI accounts were verified by AFNI to Equifax that the balances reported were accurate. The two accounts show a current balance of $358 (201031) and $800 (200348).

17. The DEFENDANTS failed to properly investigate the accounts in question, as DEFENDANTS knew that the debts were discharged but yet continued to report a balance owed.

18. DEFENDANTS also failed to report the true balance to the CRAs when DEFENDANTS knew that the balance was wrong on each account as the debts were discharged in bankruptcy.

19. DEFENDANTS failed to notify the other two (2) CRAs when DEFENDANTS provided updated corrected information to any one of the CRAs as required by FCRA.

20. The effect of these errors on PLAINTIFF'S credit reports has been to substantially affect his credit report, credit worthiness, and credit score.

21. The conduct of the DEFENDANTS has proximately caused PLAINTIFF past and future monetary loss, past and future damage to his credit and credit worthiness, past and future mental distress and emotional anguish and other damages that will be presented to the jury.

22. The DEFENDANTS have a policy and procedure to refuse to properly update credit reports of consumers, like the PLAINTIFF, who have discharged the debts. The reason is to keep false information on the credit report. The false information consists of a balance shown as owed (when DEFENDANTS know no balance is owed) and intentionally refusing to show a current status of "included in bankruptcy" or "discharged in bankruptcy".

23. The DEFENDANTS have the policy to "park" the account on at least one of the consumer's credit report. This is a term in the industry for keeping a balance on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the DEFENDANTS' intentional and malicious conduct.

24. In parking an account, the DEFENDANTS will often not update the account post discharge but the DEFENDANTS have an obligation under federal and state law to accurately report the balance and the DEFENDANTS willfully and maliciously refuse to do so.

25. DEFENDANTS agreed in the subscriber agreements or contracts with the CRAs to update accounts that have been discharged in bankruptcy. DEFENDANTS have willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the others set forth under the FCRA and state law which has resulted in the intended consequence of this information remaining on PLAINTIFF'S credit reports.

26. The DEFENDANTS know that parking a balance would lead to false and defamatory information being published every time the PLAINTIFF'S credit report was accessed and this was the malicious and intentional design behind the DEFENDANTS' actions with the goal to force the PLAINTIFF to pay on accounts he does not owe.

27. The credit reports of PLAINTIFF have been accessed numerous times in the last two years.

28. When the consumer pays the "parked" account, the DEFENDANTS claim that such payment was purely "voluntarily" or was to pay off a "moral obligation". The DEFENDANTS know and intend that by willfully and maliciously parking the account on the credit report, payment can be extorted from the consumer.

29. Despite receiving dozens if not hundreds of disputes that its reporting on accounts included in bankruptcy was false, each of the DEFENDANTS intentionally and knowingly has not corrected its policy of keeping false and damaging information on at least one of the PLAINTIFF's credit reports.

30. It is a practice of DEFENDANTS to maliciously, willfully, recklessly, wantonly, and/or negligently violate, ignore, and refuse to follow the requirements of the FCRA and state

law. In the case of AFNI, this also includes the FDCPA, as AFNI is a debt collector under the FDCPA.

31. All actions taken by employees, agents, servants, or representatives of any type for DEFENDANTS were taken in the line and scope of such individual's (or entities') employment, agency or representation.

32. All actions taken by DEFENDANTS were done with malice, were done willfully or recklessly, and were done with either the desire to harm PLAINTIFF and/or with the knowledge that its actions would very likely harm PLAINTIFF and/or that its actions were taken in violation of the law.

33. DEFENDANTS have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such DEFENDANTS are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by DEFENDANTS and similar companies.

## FIRST CLAIM FOR RELIEF
### Violating the Fair Credit Reporting Act

34. All paragraphs of this Complaint are expressly adopted and incorporated as if fully set forth herein.

35. PLAINTIFF is a "consumer," as codified at 15 U.S.C. § 1681a(c).

36. DEFENDANTS are entities who, regularly and in the course of business, furnish information to one or more CRAs about DEFENDANTS' transactions or experiences with any consumer and DEFENDANTS constitutes "furnishers," as codified at 15 U.S.C. § 1681s-2.

37. PLAINTIFF notified the CRAs directly of a dispute on the completeness and/or accuracy of the accounts of the DEFENDANTS.

38. All of the CRAs notified DEFENDANTS in a timely manner of the dispute in full compliance with the FCRA.

39. No entity, including DEFENDANTS, ever notified PLAINTIFF that his disputes were frivolous or irrelevant, or that he had failed to provide sufficient information to investigate the disputed information.

40. PLAINTIFF alleges that DEFENDANTS failed in all respects to conduct a proper and lawful reinvestigation from start to finish as required under federal law.

41. For example, DEFENDANTS knew that the accounts were included in bankruptcy, yet DEFENDANTS failed to adequately investigate the disputes, which were relayed by the CRAs to DEFENDANTS.

42. DEFENDANTS failed to report the account as having a "0" balance as required by 16 CFR § 607 (6), which states, "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

43. All actions taken by DEFENDANTS were done with malice, were done willfully, and were done with either the desire to harm PLAINTIFF and/or with the knowledge that their actions would very likely harm PLAINTIFF and/or that their actions were taken in violation of the FCRA.

44. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## SECOND CLAIM FOR RELIEF
### State Law Claims

45. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

46. DEFENDANTS published false information about PLAINTIFF by reporting the DEFENDANTS' accounts with false balances. Each time the credit reports of PLAINTIFF were accessed, a new publication occurred which was intended by DEFENDANTS.

47. PLAINTIFF alleges that the publications were done maliciously, without privilege, and with a willful or reckless intent to injure PLAINTIFF.

48. DEFENDANTS acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about PLAINTIFF as set forth in this Complaint. This includes the initial reporting of DEFENDANTS' accounts; the handling of the investigations on the accounts; and all other aspects as set forth in this Complaint.

49. DEFENDANTS invaded the privacy of PLAINTIFF as set forth in Alabama law, including publishing false information about PLAINTIFF'S personal financial obligation.

50. Such negligence, malice, wantonness, recklessness, willful or intentional conduct proximately caused the damages set forth in this complaint and such conduct occurred before, during and after the disputes to the CRAs.

## THIRD CLAIM FOR RELIEF
### Violations of the Fair Debt Collection Practices Act

51. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

8

52. AFNI, which is a debt collector under the FDCPA, violated the FDCPA in numerous ways, including, but not limited to the following:

    a. Falsely reporting a balance owed on PLAINTIFF's credit report; and

    b. Falsely attempting to collect a debt (through the reporting of a balance) when there is no legal right to collect the discharged debt.

53. PLAINTIFF has been damaged as a direct result of these violations of the FDCPA as set forth in this Complaint.

## RELIEF SOUGHT

54. An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

55. PLAINTIFF also requests all further relief to which he is entitled, whether of a legal or equitable nature.

Respectfully Submitted,

_____
John G. Watts ASB-5819-T82J
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, P.C.
15 Office Park Circle, Suite 206
P.O. Box 531168
Birmingham, AL 35253
(205) 879-2447
(205) 879-2882 *facsimile*
john@wattslawgroup.com

*/s/ Stan Herring*

**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
201 Avon Place
700 29th Street South
Birmingham, AL 35233
(205) 714-4443
(205) 714-7177 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

*/s/*

**Attorney for Plaintiff**

10

**Serve defendant via certified mail at the following addresses.:**

Centrix Financial LLC
c/o Michael Connolly
6782 S. Potomac Street
Centennial, CO 80112

AFNI, INC
c/o Gregory J. Donovan
404 Brock Drive
Bloomington, IL 61701